IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF
CWALT, INC., ALTERNATIVE LOAN TRUST
2007-OH2, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OH2,

    Plaintiff,

    v.

PETER H. GRIMES, AGNES C. GRIMES,
et al.,

    Defendants.
    _____/

No. C-12-1236 PJH

**ORDER REMANDING CASE**

    Peter H. Grimes, defendant in the above-entitled action, removed this action from the Superior Court of California, County of San Francisco, on March 12, 2012, alleging both diversity jurisdiction and federal question jurisdiction.  This court has reviewed the notice of removal, as well as other relevant materials, and remands the case for lack of subject matter jurisdiction.

    This is an unlawful detainer action brought by the Bank of New York Mellon, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OH2, Mortgage Pass-Through Certificates, Series 2007-OH2 ("BNY Mellon") against Peter H. Grimes and Agnes C. Grimes.  BNY Mellon brought the action following an April 19, 2011, non-judicial foreclosure sale of residential property previously owned by the defendants. The Trustee's Deed Upon Sale was recorded by the San Francisco County Recorder's Office on May 12, 2011.

    On June 18, 2011, BNY Mellon served the defendants a written notice to quit

by posting a copy on the property and by mailing a copy to the defendants because they could not be found on the premises. Three days passed and the defendants did not vacate and deliver possession of the property.

BNY Mellon filed the unlawful detainer complaint as Case No. CUD-11-637498 in the Superior Court of California, County of San Francisco, on June 28, 2011. The Superior Court issued a default judgment in favor of BNY Mellon on August 10, 2011. BNY Mellon is seeking restitution, possession of the property, damages at the rate of $188.63 per day starting June 22, 2011, and costs of suit. Peter H. Grimes filed a notice of removal on March 12, 2012.

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, so as to limit removal jurisdiction. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

The party seeking removal assumes the burden of establishing federal jurisdiction. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Moreover, subject matter jurisdiction is determined from the face of the complaint. See Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")). Likewise, "diversity jurisdiction must be sufficient on the face of the complaint." Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1190 (9th Cir. 1970). In addition, jurisdiction may not be based on a claim raised as a defense or a counterclaim. K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011) (citing Vaden v. Discover Bank, 556 U.S. 49, 59 (2009)).

The complaint in this case alleges a cause of action under state law for unlawful detainer to recover possession of property. In seeking to allege federal question jurisdiction, Peter H. Grimes asserts violation of his due process rights under the Fourteenth Amendment to the United States Constitution, "atypical and significant hardship

standard of rules of the United States Supreme Court in relation to property rights," federal question based on the "Pooling and Service Agreement of the Alternative Loan Trust 2007-OH2," as well as unlawful foreclosure and standing by BNY Mellon.  Notice of Removal ¶¶ 8-12.  However, the complaint itself does not raise any federal statutory or constitutional provision as the basis for the unlawful detainer action.  Instead, the complaint alleges a single cause of action pursuant to California Code of Civil Procedure § 1161a(b) and § 1161a(c).  As such, Peter H. Grimes' allegations are construed as counterclaims and defenses to the unlawful detainer action and because there is no federal question raised on the face of the complaint, there is no federal question jurisdiction.

Federal diversity jurisdiction also does not exist.  Although BNY Mellon and the defendants may be citizens of different states, the complaint seeks a money judgment of $188.63 per day starting June 22, 2011, and specifies that "the demand does not exceed $10,000."  Thus, the amount in controversy requirement of $75,000.00 is not met.  See 28 U.S.C. § 1332(a).  Furthermore, a defendant who is a resident of the state where a state cause of action is brought, may not remove the case based on diversity jurisdiction.  Lincoln Property Co. v. Roche, 546 U.S. 81, 83-4 (2005) (quoting 28 U.S.C. § 1441(b)).  Thus, Peter H. Grimes, a resident of California, may not remove the case based on diversity jurisdiction.

Removal was improper for two additional reasons.  First, all defendants who have been served must join in the notice of removal.  See 28 U.S.C. § 1446(b)(2); see also Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (citing Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  Here, only Peter H. Grimes is listed as a party on the notice of removal and the absence of at least Agnes C. Grimes renders the notice as inadequate.  Second, where a defendant attempts to remove a case where the plaintiff has already been granted final judgment, there is no case to remove.  U.S. Bank Nat'l Ass'n v. Ramirez, 2010 WL 4736318 (C.D. Cal. 2010); see also Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 774 (9th Cir. 1988).  Here, the Superior Court issued a default judgment in favor of BNY Mellon on

August 10, 2011.  Therefore, there is no case for Peter H. Grimes to remove.

Accordingly, the action is hereby REMANDED to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: June 15, 2012

PHYLLIS J. HAMILTON
United States District Judge